# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-314-CDP |
| | ) | |
| LEOTIS WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Clint Phillips, III for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). The Court finds that plaintiff is financially unable to pay any portion of the filing fee, and therefore, he will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). For the reasons stated below, the Court will dismiss this action for lack of subject matter jurisdiction.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

(1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff brings this civil rights action for the violation of his Fifth, Fourth, and Fourteenth Amendment rights. The named defendant is Leotis Williams, who in August 2010, allegedly "had [plaintiff's] power of attorney and access to [his] bank accounts." Plaintiff claims that defendant Williams "stole [his] funds" and "would search and seize things in [plaintiff's] room without [plaintiff's] consent." Plaintiff states that Williams "unfoundedly deprived [him] of [his] property."

Having carefully reviewed the complaint, the Court will dismiss this action for lack of subject matter jurisdiction. Defendant Williams is neither alleged, nor appears, to be a state actor, and thus, there can be no cause of action under 42 U.S.C. § 1983. *See, e.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (to state §

1983 claim, plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986).[1]  In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of February, 2014.

---

[1] Moreover, the instant action does not arise under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.  Plaintiff does not assert jurisdiction under 28 U.S.C. § 1332, and there is no indication that complete diversity of citizenship exists in this case.